FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

2016 FEB -4 A 11: 30

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| FITISTICS, LLC, <br>      a Connecticut Limited Liability Company, <br><br>         Plaintiff, <br><br> v. <br><br> ERIK B. CHERDAK, ESQ., <br>     149 Thurgood Street <br>     Gaithersburg, MD 20878 <br><br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No. 1:16 CV 112

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DECLARATORY JUDGMENT OF █████████, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, CONVERSION, AND FRAUD

COMES NOW the Plaintiff, Fitistics, LLC ("**Fitistics**"), by and through counsel, and as and for its Complaint against Defendant Erik B. Cherdak, Esq., states as follows:

### THE PARTIES

1.     Fitistics is a Connecticut Limited Liability Company having headquarters at 83 Northwood Rd, Newington CT 06111.

2.     Fitistics is informed and believes, and based thereon alleges, that at all relevant times Defendant Eric B. Cherdak, an individual, has been residing in Maryland at the address identified in the caption hereinabove.

### JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201. This is a dispute between citizens of different states where the matter in controversy substantially exceeds $75,000.00.

4.      This Court may exercise personal jurisdiction over Defendant because he regularly conducts business within the Commonwealth of Virginia and this judicial district, and a substantial portion of the wrongs alleged against Defendant have occurred within the Commonwealth of Virginia and this judicial district.  At various times in 2014 and 2015, Defendant has represented that he has an office in this judicial district.  On information and belief, Defendant will not dispute that personal jurisdiction is proper over him in this Court.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b).  A substantial part of the events, acts, and missions giving rise to this action occurred in this district.  Defendant conducts substantial business in this district and has a substantial presence here.  On information and belief, Defendant will not dispute that venue here is proper.

## FACTS COMMON TO ALL COUNTS

6.      In or about June 2013, Fitistics entered into a confidential ███████████ agreement ("**Agreement**") with the Defendant, Erik B. Cherdak, the specific terms of which are confidential, at present.[1]

7.      Under the Agreement, ████████████████████████████ ████████████████████████████████████████ ████████████████

8.      Fitistics is informed and believes, and based thereon alleges, that events have occurred and that, consequently, ██████████████████████████ ████████████████.

9.      Fitistics has demanded the amounts of money due, to no avail.

_____

[1] Upon Defendant's consent and entry of a Court order, a copy of the Agreement will be filed with this Court (perhaps under seal, depending on Defendant's position).  In such event, Fitistics may request leave to amend this Complaint to add more specific details regarding the terms of the Agreement and surrounding and subsequent events.

10.     Defendant has intentionally failed to pay the amounts due by him to Fitistics ███

███████████████████████████.

11.     Defendant has also materially breached the Agreement by ████████████

██████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

█████████████████ Fitistics has repeatedly demanded the information from the

Defendant, to no avail.

12.     Fitistics is ████████████████████. As of no later than January 16,

2016, Defendant has refused to acknowledge that ████████████. Defendant denies

Fitistics' claim of ██████████████████. Defendant claims to ████████████.

Defendant refuses to deliver to Fitistics any ██████████████████████████

███████████████████████.

13.     ███████ is valuable. Defendant has expressed to Fitistics his belief that ████ is

worth millions of dollars. To date, Defendant has ██████████████████████████

██████████████████████████████████

14.     Defendant has held himself out to third parties, and continues to hold himself out

to third parties, as the ██████████████

15.     Defendant has engaged, and is continuing to engage, in activities designed to

derive income for Defendant based on his erroneous claim of ████████████.

16.     Although Fitistics ████████ Defendant has erroneously publicly represented

himself as qualified to enforce rights pertaining to █████ in this jurisdiction. Defendant has

pursued litigation ███████████ on a pro se basis in this jurisdiction.  Although Defendant is

an attorney, he is not licensed to practice law in this jurisdiction.

     17.    On information and belief, when Defendant and Fitistics negotiated and entered

into the Agreement, Defendant had no present intention to honor several of the material promises

and statements he made, including that ████████████████████████████████

████████████████████████████████████████████████████████

███████████ Instead, on information and belief, Defendant, a seasoned patent attorney and

litigator, intended to use and rely on litigation-related rules and processes, such as protective

orders and rules pertinent to discovery of confidential information, to obfuscate and hide the fact

that ██████████████████████████████████████████████████████

████████████████████████████.

     18.    In 2013, when the parties were negotiating and before they entered into the

Agreement, Defendant represented that he intended to ███████████ to Fitistics' benefit by

████████████████████████████, including ████████████████████

Defendant represented that he had a good relationship with counsel for these entities based on his

prior dealings with them and has also represented to Fitistics that if Defendant were to ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

     19.    In 2013, when the parties were negotiating and before they entered into the

Agreement, Defendant represented that he viewed market and legal conditions to be very

conducive for pursuing ██████████████, that he would be able to focus his time and efforts

on pursuing ████████████████████████ to Fitistics' benefit, and that he did not

intend to pursue more than five or six legal actions for ███████████████████████

███, which otherwise could detract from his ability to pursue ██████████████.

20.    Defendant has repeatedly assured Fitistics that he was trustworthy and acting

aboveboard.  For example, in 2013, when the parties were negotiating the Agreement Defendant

stated in an email that he had made proposed changes to the draft Agreement because he was

"looking out for" Fitistics.

21.    Before the Agreement was executed, Defendant assured Fitistics that he would

properly account for his expenses and provide information and documentation of those expenses

sufficient to confirm their accuracy and to allow an audit of Defendant's activities relating to ██

██ and his dealings undertaken for Fitistics' benefit.

22.    On information and belief, at the time he made the representations and promises

identified in Paragraphs 17-21 above, Defendant had no intention to fulfill those promises or act

consistently with the representations.

23.    The purpose of making the false representations was to induce Fitistics to enter

into the Agreement and to allow Defendant to ██████████████ and to keep any

monies he would collect in the future for himself.

24.    Fitistics reasonably relied upon, and had a right to rely upon, the false

representations, and would not have entered the Agreement without such reliance on the

misrepresentations.

25.    On information and belief, as set forth herein below, after the 2013 execution of

the Agreement, Defendant made many material misrepresentations and intentionally concealed

material information from Fitistics with an intent to deceive Fitistics on a routine basis.

26.     On information and belief, after entering into the Agreement and ███████████

████████, Defendant has █████████████████████████, and either deliberately

has failed to inform Fitistics of that fact or has stated that ███████████████████.

27.     On February 18, 2014, Defendant represented to Fitistics' principal that ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

He also represented he would ████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████   And Defendant represented that he

would endeavor to provide information regarding any cost he incurred in excess of $1,000

relating to ██████████.

      ███On December 13, 2014, Defendant stated █████████████████████████

████████████ referring to a lawsuit Defendant had already filed in the Eastern District of

Virginia against Snap Fitness on October 21st, 2014 (case no. 2:14-cv-00537).  Defendant

voluntarily dismissed with prejudice his action against Snap Fitness on or around January 8,

2015.  To date, Defendant has not provided █████████████████████████████

████████████████████████████████████████████████████████████

████████████

29.     On December 17, 2014, Defendant█████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████   To date, Defendant has not provided █████████████████████████

██████████████████████████████████████████

6

30.     On January 16, 2015, Defendant filed a patent infringement lawsuit against Starwoods Hotels & Resorts Worldwide, Inc. ("**Starwoods**") in the United States District Court for the Eastern District of Virginia (case number 1:15-cv-0072).  In or around March 2015,

███████████████████████████████████████████████████

██████████████████████████████████████████████████. On March 13, 2015, Defendant voluntarily dismissed the case against Starwoods.  Defendant thereafter on several occasions from April 2015 through November 2015 represented that ██████████

████████████████████████████████████████████████████

█████████████████████████████████████████.

31.     Defendant also refused to provide █████████████████████████████

████████████████████████████████████████. On information and belief, Defendant's representations regarding the status of the █████████████████ and related circumstances were knowingly false.

32.     On March 3, 2015, Defendant reassured Fitistics' principal that Defendant "will never be disloyal."  On information and belief, this was a false statement.

33.     On March 13, 2015, Defendant filed a lawsuit against Marriott International, Inc. ("**Marriott**") in the U.S. District Court for the Eastern District of Virginia, case number 2:15-cv-00106.  That case involved ████.  The filing of that case triggered ████████████████

██████████████████████████████████████████████████████████

█████████████.

34.     On April 13, 2015, Defendant represented to Fitistics that ██████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████

35.     On April 20, 2015, Defendant provided ████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████   To date, Defendant has not provided any ██████████████

██████████████████████████████████████████████

███████████████████████████████

36.     On April 21, 2015, Defendant represented to Fitistics that ████████████████

████████████████████████.   To date, Defendant has not provided ████████████

██████████████████████████████████████████████

██████████████████████████.

37.     On April 25, 2015, Defendant represented that he intended to ████████████

██████████████████████████████████████████████

38.     In April 2015, Defendant represented to Fitistics that ████████████████

████████████████████████.   To date, Defendant has not provided ████████████

████████████████████████████████████████

39.     On May 27, 2015, Defendant represented to Fitistics that ████████████████

████████████████████████████████████████████   Defendant also

represented to Fitistics that ██████████████████████████████████████████

██████████████████████████████████████████████

████████████████   Defendant further represented to Fitistics that ██████████████

████████████████████████████████████   To date, Defendant has not

provided any ████████████████████████████████████████

████████████████████████████████████████

40.     On July 20, 2015, an Order to Show Cause was issued in the Marriott case relating to a failure to effectuate service of process.

41.     On August 14, 2015, Defendant represented to Fitistics that ██████████ ███████████████████████████████████. On information and belief, this was a knowingly false statement.

42.     On August 15, 2015, Defendant stated ████████████████████ ██████████. On information and belief, this was a knowingly false statement.

43.     On August 17, 2015, the case against Marriott was dismissed without prejudice for failure to effectuate service.

44.     On August 19, 2015, Defendant told Fitistics that ███████████ ████████████████████████████████████████ █████████ Defendant also told Fitistics that "████████████████████" as it relates to the █████████████████

45.     On August 19, 2015, Defendant told Fitistics that he was ██████████ ██████████████████████.

46.     On August 20, 2015, Defendant represented that ████████████ █████████████████████████████████, which according to Defendant would "██████████████████████████████████ ██████." On information and belief, these statements were knowingly false when made.

47.     On August 28, 2015, Defendant forwarded ████████████ ████████████████████████████████████████

9

██████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

███████.

48.     On August 30, 2015, Defendant sent Fitistics a ███████████████████

████████████████████████████████████████████████

████████████   To date, Defendant has not provided any █████████████████

████████████████████████████████████████████████

█████████████████████████████

49.     On September 3, 2015, referring █████████████████████████████

Defendant stated, ████████████████████████████████████████████

██████████████████████████████

50.     Later on September 3, 2015, Defendant stated that ████████████████

█████████████████████████████████████████

51.     On September 9, 2015, Defendant stated that he had a phone call scheduled with

███████████████████████████████████████████████.

On information and belief, this statement about ████████████  was knowingly false when

made.

52.     On September 10, 2015, Defendant stated that ████████████████████

████████   He further stated that ██████████████████████████████████████

████████████████████   On information and belief, this statement about ██████████

█████   was knowingly false when made.

53.     On September 10, 2015, Defendant promised that ███████████████

████████████████████████████████████████████████████████

███████████ On information and belief, this promise was knowingly false when made.

54.     On September 10, 2015, Defendant represented that ███████████████

███████████████████████████████████

55.     On or about October 29, 2015, Defendant settled litigation involving ████ with

Koko Fitclub, LLC ("**Koko**"), case number 1:14-cv-10371, in the United States District Court

for the District Court of Massachusetts.  The case had been transferred from the Eastern District

of Virginia, case number 1:13-cv-01166.

56.     Previously, on January 12, 2015, Defendant had stated that ███████████

████████████████████████████████████████████████████████.

On information and belief, this statement was knowingly false when made.

57.     On November 6, 2015, Defendant told Fitistics to "stand by for payment and

paperwork" ██████████████████████.

████ ████ On November 10, 2015, Defendant stated ███████████████

██████████████████████████████████

████ ████ On November 17, 2015, Defendant again stated that ███████████

████████████████████████████████████████████████████████

60.     On November 17, 2015, Defendant stated ███████████████

████████████████████████████. On information and belief, this

statement was knowingly false when made.

61.     On November 19, 2015, Defendant stated that ███████████████

████████████████████████████████████████████████████████

11

█████████████████████████████. On information and belief, this

statement was knowingly false when made.

    62.    On November 23, 2015, Defendant stated ██████████████████

███████████████████████████████████████████████████

██████████████████████ On information and belief, these statements were

knowingly false when made.

    63.    Defendant has never provided ████████████████████████

████████. Defendant also has not provided ████████████████████████

██████████████████████████████████. Defendant has

██████████████████ based on ██████████████████████████. On

information and belief, Defendant has never ████████████████████████

████████. Defendant has ██████████████████████. On information and belief,

Defendant has ██████████████████████.

    64.    At the end of 2015, Defendant repeatedly ignored or deflected numerous requests

from Fitistics for information relating to ██████████████████.

    65.    On information and belief, Defendant's ongoing conduct of ignoring or deflecting

requests for information were part of ongoing intentional efforts to conceal material facts relating

to ██████████████████████████████ to Fitistics and to delay Fitistics'

assertions of its rights relating to ██████.

    66.    On January 13, 2016, Defendant stated that ██████████████████

███████████████████████████████████████████████████

Defendant did not ██████████████████████.

67.   Defendant also has claimed that he has a duty ███████████████ to Fitistics stemming from court orders or confidentiality agreements with third parties. On information and belief, Defendant has either misrepresented his dealings with and duties to third parties regarding confidentiality, or has deliberately avoided taking normal steps to allow Fitistics ████████████, in order to conceal ███████████ relating to ███████ ██████████. For example, on February 18, 2015, Defendant claimed that documents relating to ████████████ were confidential and that he would not be providing Fitistics with ████████████ because that would then result in ████████ ████████████████████████████████████████████████. However, in the Koko litigation Defendant himself was obligated, and eventually ordered by the U.S. District Court for the District of Massachusetts (Judge Indira Talwani), to produce the ████████████████████. Despite this, Defendant has claimed he has no obligation to share ████████████ with Fitistics because it was "his confidential information".

68.   On information and belief, Defendant has intentionally overstated and misrepresented ██████ that he has claimed as ████████████████ ██████. On information and belief, Defendant planned to do so from the inception of the Agreement. For example, Defendant has claimed entitlement to ██████████████ which is an unreasonable and, on information and belief, a false amount of ██████████ ████████████████████████████████████████ ████████████████████████ Defendant wrongfully has claimed ████████████████████████. Defendant has claimed ████████████████ that, on information and belief, Defendant knows to be inaccurate.

Defendant has stated that ██████████████████████████████████████, whereas of the date of this Complaint Fitistics is informed that Defendant has not made ███████████████.

69.     Defendant's material breaches have resulted in a termination of the Agreement.

70.     Defendant's wrongful conduct has continued after Defendant's material breaches and consequent termination of the Agreement.

71.     On information and belief, Defendant's continued misrepresentations to, and dealings with, third parties regarding ██████ have caused and will continue to cause irreparable harm to Fitistics.

72.     Defendant's refusal to deliver to Fitistics an acknowledgement that Fitistics ████, and Defendant's ongoing assertion of possession, custody, and control over ████, may have caused irreparable damage to Fitistics' future prospects of █████████.

73.     Fitistics has been harmed by Defendants conduct by virtue of, at a minimum: being deprived of █████████████; being deprived of ████████████ █████████████████████████; being deprived of ████████████, as well as possession, custody and control ██████████; being deprived of the opportunity to ███████████ for its own benefit; and possibly by ████████████████████ ████████████████.

## COUNT I
**Declaratory Judgment** ████████████████ **and Demand for an Accounting and Injunctive Relief**

74.     The allegations of paragraphs 1-73 above are incorporated as if fully set forth here.

75.     Defendant's past and ongoing actions and failures to act, including the refusal to ███████████, the refusal to ████████████████, and the refusal to ████████ ████████████████, give rise to a substantial controversy based on real and immediate threats of both past and future injury to Fitistics.

76.     Fitistics and Defendant have real and immediate adverse legal interests pertaining to ████████████, the amounts due, and the information due.  Each claims to ████████, and Defendant denies that Fitistics is entitled to ██████████████████.

77.     Fitistics is entitled to a declaratory judgment and injunctive relief to protect its interest in █████ and its entitlement to ████████████████████.

WHEREFORE, Fitistics prays for an order of judgment:

a)     declaring Fitistics ██████████████████;

b)     requiring Defendant to ████████████████ sufficient to ████████████████████████ and to provide ████████████████████ dealings and transactions with third parties related to ██████ since the execution date of the Agreement;

c)     enjoining Defendant from engaging in any further activities whereby he ██████ ████████████████, including any dealings with third parties and litigation ████████████;

d)     declaring that Defendant is legally obligated to ██████████████████;

e)     declaring that Defendant must provide ████████████████;

f)     requiring Defendant to account for and disclose all of his activities and transactions since June 2013 involving, in whole or in part, ██████; and

g)     setting forth such other relief as the Court deems just and proper.

15

## COUNT II
### Breach of Contract

78.     The allegations of paragraphs 1-73 above are incorporated as if fully set forth here.

79.     The Agreement constituted a valid contract.

80.     As set forth earlier, Defendant has materially breached the Agreement. Defendant, by those and other acts, has also breached the implied covenant of good faith and fair dealing.

81.     Fitistics has been injured by Defendant's breaches of the Agreement by virtue of being deprived of █████████████ ; being deprived of █████████████ █████████████████████████ ; being deprived of ████████████ , as well as ████████████████████ ; being deprived of the opportunity to ████████████ for its own benefit; and possibly by Defendant ██████████████ █████████████████████ .

WHEREFORE, Fitistics prays for an order of judgment:

a)      Awarding Fitistics $105,000.00, or such other amount that is sufficient to cover the injury caused by Defendant's past material breaches, which may well exceed $105,000.00;

b)      requiring Defendant to execute and deliver ████████████████ ████████████████████ ;

c)      enjoining Defendant from engaging in any further activities whereby ███████ ██████████████████████ , including any dealings with third parties and ███████ ████████ ;

d)      requiring Defendant to provide ████████████████ ;

16

e)      requiring Defendant to account for and disclose all of his activities and

transactions since June 2013 involving, in whole or in part, ███ ; and

f)      setting forth such other relief as the Court deems just and proper.

## COUNT III
### Breach of Fiduciary Duty and Demand for an Accounting and Rescission/Specific Performance

82.     The allegations of paragraphs 1-73 above are incorporated as if fully set forth

here.

83.     Despite Fitistics' ████████ , Defendant has continued to engage in

activities holding himself out as ████████ , including in dealings with third parties,

courts, and the United States Patent and Trademark office.

84.     Defendant currently holds ████████ even though, as a matter of

law and equity, ████████ . Defendant is subject to a legal and equitable duty to

formally ████████ to Fitistics on several grounds, including the ground that he would be

unjustly enriched if he were permitted to retain it.

85.     By holding himself out and acting as ████████ ,

Defendant, as a matter of law and equity, has assumed a fiduciary duty to Fitistics, ████████

████████ , to care for, and to avoid waste and harm to, ████████ .

Holding ████████ , Defendant has a duty to disclose all amounts received

relating to ███ and all related documents. Unless and until Defendant ceases to claim ███

████████ , his duties include ensuring proper and careful

development, use, management, ████████ .

86.     On information and belief, Defendant has breached this fiduciary duty by

misrepresenting ████████ to third parties, being delinquent in proceedings as

an attorney practicing before the United States Patent and Trademark Office ███████████,

neglecting diligent pursuit of at least one ███████████████████ to the detriment of

Fitistics, withholding from Fitistics ███████████████████, and ████████

███████████████████████████.

87.     On information and belief, Defendant's breaches of fiduciary duty have been

motivated by self-enrichment and self-dealing, willful, wanton, and with knowing and reckless

indifference and disregard to the rights of Fitistics.

WHEREFORE, Fitistics prays for an order of judgment:

a)      awarding Fitistics $105,000.00, or such other amount that is sufficient to cover

the injury caused by Defendant's breaches of duty, which may well exceed $105,000.00;

b)      awarding Fitistics punitive damages no less than $1,500,000.00, or such other

amount that may be proved to be justified at trial;

c)      awarding Fitistics its reasonable attorney's fees, costs and expenses;

d)      requiring Defendant to ███████████████████████

███████████████████████;

e)      enjoining Defendant from engaging in any further activities whereby he purports

███████████████████, including any dealings with third parties and litigation

███████████;

f)      requiring Defendant to provide ███████████████;

g)      requiring Defendant to account for and disclose all of his activities and

transactions since June 2013 involving, in whole or in part, ██████; and

h)      setting forth such other relief as the Court deems just and proper.

**COUNT IV**
**Conversion**

18

88.   The allegations of paragraphs 1-73 above are incorporated as if fully set forth here.

89.   Defendant's ongoing claim ███████, his refusal to deliver ██████ ████████████████████, and his ongoing activities based on his ██████████ ████████████████████, are a wrongful exercise or assumption of authority over Fitistics' property, depriving Fitistics of its rightful possession. Defendant's actions of dominion over ████ are wrongfully exerted, in denial of and inconsistent with Fitistics' rights.

90.   On information and belief, Defendant's conversion has been motivated by self-enrichment and self-dealing, willful, wanton, and with knowing and reckless indifference and disregard to the rights of Fitistics.

WHEREFORE, Fitistics prays for an order of judgment:

a)   awarding Fitistics $105,000.00, or such other amount that is sufficient to cover the injury caused by Defendant's conversion, which may well exceed $105,000.00;

b)   awarding Fitistics punitive damages no less than $1,500,000.00, or such other amount that may be proved to be justified at trial;

c)   awarding Fitistics its reasonable costs and expenses;

d)   requiring Defendant to ██████████████████████ ██████████████████;

e)   enjoining Defendant from engaging in any further activities whereby ███████ ████████████████, including any dealings with third parties and litigation ████████;

f)   requiring Defendant to provide ████████████████;

19

g)      requiring Defendant to account for and disclose all of his activities and

transactions since June 2013 involving, in whole or in part, ███ ; and

h)      setting forth such other relief as the Court deems just and proper.

## COUNT V
### Fraud

91.     The allegations of paragraphs 1-73 above are incorporated as if fully set forth

here.

92.     Fitistics reasonably relied on Defendant's knowingly false misrepresentations,

assurances, and failures to disclose material information identified above to its detriment,

causing a delay in Fitistics's opportunity to enforce its rights in the belief that Defendant was

being truthful and acting in its best interest.

93.     Fitistics has suffered harm as a result of Defendant's intentional

misrepresentations, false assurances, and intentional failures to disclose material information.

WHEREFORE, Fitistics prays for an order of judgment:

a)      awarding Fitistics $105,000.00, or such other amount that is sufficient to cover

the injury caused by Defendant's fraud, which may well exceed $105,000.00;

b)      awarding Fitistics punitive damages no less than $1,500,000.00, or such other

amount that may be proved to be justified at trial;

c)      awarding Fitistics its reasonable attorney's fees, costs and expenses;

d)      requiring Defendant to ████████████████████████
████████████████████ ;

e)      enjoining Defendant from engaging in any further activities whereby ████████
██████████████ , including any dealings with third parties and litigation
████████ ;

f)      requiring Defendant to provide ██████████████████████

██ ;

g)      requiring Defendant to account for and disclose all of his activities and

transactions since June 2013 involving, in whole or in part, ████ ; and

h)      setting forth such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully

demands a trial by a jury on all issues so triable in this Complaint.

Dated: February 4, 2016

_Quentin R. Corrie_
_____
Quentin R. ("Rick") Corrie (VA Bar No. 14140)
John D.V. Ferman (VA Bar No. 70980)
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road
Suite 100 East
Falls Church, Virginia 22042
T. 703.205.8000
qrc@bskb.com,
jferman@bskb.com
mailroom@bskb.com