**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| FITISTICS, LLC, | ) | |
| | ) | Case No. 1:16-cv-00112-GBL-JFA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIK B. CHERDAK, ESQ., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF FITISTICS, LLC's**
**DEPOSITION DESIGNATIONS AND**
**SUMMARIES**

Plaintiff, FITISTICS, LLC, by counsel, hereby designates the following portions of Mr.

Cherdak's depositions for use and submissions as evidence, or possible use and submission, at

trial:

| I.    July 25, 2016 Deposition | |
|---|---|
| **Page & Line** | **SUMMARY** |
| 11:8-12 | Introduction; Cherdak has deposition experience. |
| 11:20-12:16 | Cherdak deposition experience and legal background. |
| 13:10-16 | Cherdak litigation experience. |
| 14:2-5 | Cherdak federal court experience. |
| 47:9-20 | Cherdak would consult McKirdy spreadsheet (PTX85) to confirm whether a text had been sent. |
| 54:5-14, 55:18-20 | Authentication of PTX 7, Patent Rights Assignment Agreement. |
| 65:2-14 | Cherdak may have drafted first draft of PTX 7, had opportunities to make edits, and did. |
| 66:21-67:4 | Cherdak considers himself experienced in terms of agreement negotiations and drafting. |
| 70:11-15 | Cherdak claims never to have been Fitistics' lawyer. |
| 72:10-20 | Authentication of PTX 8 and I.D. of Jon Graves, Core/Koko counsel. |
| 73:3-7 | Cherdak litigated *Core* pro se, asserting copyright infringement. |
| 74:14-75:21 | As of January 2015 Cherdak believed Fitistics had owned all of the 709 patent and related patent rights when the Core agreement was executed (in May/June 2013) |
| 77:3-12 | PTX 9 |

| | |
|---|---|
| 79:17-80:2 | Cherdak did not intend to make any misrepresentations in PTX 9 |
| 81:20-82:1 | Cherdak tries to be accurate in emails |
| 83:10-84:17, 85:4-86:4, 86:13-87:8 | Cherdak wrote in May 2013, and thought it was accurate at the time. |
| 93:14-94:1 | Cherdak has never been employed by Ward & Ward law firm or practiced law on its behalf. |
| 98:1- 100:3 | Cherdak worked on four Fitistics patent applications in 2012.  Those applications are all abandoned. |
| 113:22-115:17 | PTX 11.  On July 22, 2013, Cherdak discussed with Garmin |
| 119:19-120:22 | PTX 12, Garmin agreement, fully executed and exchanged as of July 29, 2013. |
| 122:10-18 | Garmin agreement defines the patents subject to the agreement to include |
| 125:18-126:9 | Cherdak gave and paid Fitistics $0 under that agreement. |
| 129:2-18 | Cherdak received the on or before August 5, 2013. |
| 131:16-132:6; 132:16-133:7 | PTX 15; Cherdak |
| 134:19-135:12 | PTX 16; Cherdak in December 2014 tells Fitistics he is |
| 136:17-138:10 | PTX 17; Cherdak makes t. |
| 140:9-141:3; 142:1-4; 144:4014 | Garmin wrote to Cherdak REDACTED |
| 163:6-166:2 | PTX 18, REDACTED Cherdak did not pay any portion to Fitistics. |
| 171:4-15 | PTX 21, REDACTED |
| 172:22-173:14 | REDACTED fit well within Koko Fitclub scenario. |
| 173:18-174:5 | PTX 22, REDACTED |
| 177:7-12; 177:18-178:3; 178:9-12 | Cherdak claims he did not own the Fitistics patents completely as of 12/31/2014 but had the authority to license them out then; they arguably are licensed under the REDACTED and he has not paid Fitistics anything based on that agreement. |
| 179:18-180:3 | PTX 23, Starwood agreement. |
| 183:6-16 | Starwood covered Fitistics patents for $20K; nothing paid to fitistics. |
| 184:4-13 | "Life Fitness" is a name under which Brunswick trades, a division of Brunswick; Cherdak has referred to his Brunswick Corporation dealings as "Life Fitness" dealings. |
| 187:4-9 | PTX 24, REDACTED |
| 189:4-11 | REDACTED |
| 194:6-12 | REDACTEDREDACTED |

| | |
|---|---|
| | REDACT |
| 197:16-198:13 | REDACTED                                         Fitistics has not received any portion of that. |
| 200:14-20, 201:1-2 | PTX 25, REDACTED |
| 201:18-202:4 | REDACTED              includes "REDACTED |
| 203:9-18 | Cherdak has not paid Fitistics any of the REDACTED |
| 204:21-205:10; 205:18-206:9; 207:7-15; 208:16-209:11 | PTX 26, REDACTED                                         Fitistics has not been paid any portion. |
| 215:11-216:20 | PTX19, REDACTED                                         Fitistics has not been paid any portion. |
| 217:13-218:16; 218:20-220:5; 220:13-15 | Cherdak claims Fitistics committed a material breach that discharged his own breach.  Cherdak cannot recall disclosing t REDACTED                    to Fitistics.  He did not disclose the REDACTED   agreement. |
| 221:19-22 | Cherdak did not provide draft agreements with REDACTED |
| 222:18-223:21 | PTX 27, Koko agreement; has not paid Fitistics any of the $30K. |
| 224:17-225:5 | Koko paid in October/November 2015 and the funds cleared in 2015. |
| 226:8-17 | Out of the monies Cherdak has received for licensing the patents subject to the PRAA REDACT  , he has paid Fitistics $0. |
| 229:3-10, 229:14-231:8 | Cherdak did not litigate against most licensees and most filed cases did not go past pleading stage; only Koko was really litigated. |
| 233:24-234:6; 237:3-21; 247:10-16; 248:11-18; 249:10-12 | PTX 28, 29, 30; Cherdak states in writing Starwood deal safely worth $250K; sends Starwood a settlement proposal for $275K. |
| 250:7-251:5 | Cherdak proposal to Starwood claims he is a seasoned patent litigator. |
| 256:14-257:17 | Cherdak wrote to Fitistics that the settlement value of Starwood is "around $200K". |
| 259:16-261:2; 262:12-16 | PTX 31, Cherdak sends a purported draft Starwood agreement to Fitistics. Cherdak represented in it that he was proposing a $200K settlement with Starwood consisting of a $20K initial payment and a later $180K payment. |
| 266:17-21 | PTX 31 was not a communication with Starwood, it was a communication with Sean McKirdy. |
| 269:18-270:1; 273:12-19 | Cherdak refused to give Fitistics copies of drafts of Starwood deal because he did not want the other side in the Koko litigation to obtain copies. |
| 277:9-278:8, 278:20-281:15 | Fitistics keeps asking Cherdak about the $180 K payment from Starwood through August 20, 2015.  Cherdak does not address the issue. |
| 283:1-15 | Cherdak represented that September 15, 2015 would be the "date for Starwood". |
| 286:18-288:6 | Fitistics asks about Starwood second $180K payment again in September 2015; Cherdak does not respond. |

| 290:3-20 | Cherdak writes regarding Starwood, "Promise, if I don't get paid by the 15th. I'll sue." |
|---|---|
| 299:20-300:17 | Cherdak writes in a text that he will "check at the end of the day" in response to a text query about Starwoods payment. |
| 301:18-302:21; 303:6-304:3; 306:7-307:6 | Cherdak claims to probably have been confusing Starwoods and Koko in texts. |
| 337:14-340:11 | Cherdak signed REDACTED at a time when he claims to have known about an ownership issue. |
| 342:14-343:15 | Cherdak claims he provided consideration under the Ward & Ward retainer agreement by prosecuting four patent applications that are now abandoned. |
| 344:9-13, 16-17, 20 | Cherdak has been paid for all licenses used at the deposition except REDA |
| 368:7-10; 369:5-11 | PTX 35, REDACTED                REDACTED |
| 385:8-13, 385:21-386:4; 387:7-12 | PTX 38; Cherdak put a stop payment on a $42K check to Sean McKirdy. |
| 388:14-389:3 | Koko case involved copyrights; Cherdak never proposed a REDACTE based on the Koko settlement; copyright assignment agreement calls for REDACTED |

| II.     July 26, 2016 Deposition | |
|---|---|
| **Page & Line** | **Summary** |
| 20:9-12 | Cherdak told Sean McKirdy Cherdak was not a copyright attorney. |
| 21:14-22:11 | Cherdak understands how the copyrighted software in this case works, as does Sean McKirdy.  Frank Sundermeyer has a better understanding. |
| 30:11-22, 41:16-42:2 | PTX 43, likely received by Cherdak. |
| 59:1-17 | PTX 48 |
| 61:20-62:22 | Cherdak recalls the Core hearing before Judge Trenga; he made no substantive misrepresentations to Judge Trenga. |
| 68:6-70:8 | Cherdak procured copyright for Fitistics before they were assigned to him at a time he was not supposed ot be practicing law on behalf of clients outside the USPTO. |
| 86:7-89:6, 90:1-10 | PTX 51; Cherdak referred to the McKirdy-Koko NDA as a "smoking gun as to patent infringement and as to access for copyright infringement" and was givent access to Sean McKirdy's gmail account with instructions to search for Koko names including "Roman," "Lannon," and "Charbel" |
| 90:21-92:3 | PTX 52, Koko Markman transcript.  Cherdak argued to the Court that the '709 patent was valid. |
| 93:20-94:9 | Cherdak may have been given the Nutini memorandum before the Markman hearing. |
| 94:13-95:20 | Cherdak communication to McKirdy attaching a copyright grant.  Cherdak procured the copyright for Fitistics. |
| 96:4-11; 96:18-98:7 | PTX 55; Cherdak had spent considerable time parsing out code before the copyright assignment agreement was executed. |

| 136:17-19; 137:9-13; 138:3-14 | Cherdak relied on Sundermeyer as an expert witness and obtained and helped draft Sundermeyer sworn declarations.  Cherdak would not intentionally present a witness if he thought the testimony would be untruthful and offered Sundermeyer in part to show the patents were valid. |
|---|---|
| 147:6-19 | PTX 45, the Copyright Assignment Agreement, is the writing Cherdak knows of that shows an agreement to transfer copyright. |
| 156:18-157:13 | Cherdak did not have trouble licensing the patents. |
| 159:21-160:18 | PTX 66, Cherdak forwards Sundermeyer declaration to McKirdy and cites it for supporting that the patent is valid. |
| 163:6-164:3 | PTX 67, Wronski declaration  Cherdak offered to support patent validity. Declaraiton cited the Fitlinxx website. |
| 169:11-170:22 | PTX 69, email where Cherdak states Koko has "no invalidity position." |
| 171:14-174:7 | PTX 70, Cherdak drafts and revises Exhibit A to the Copyright Assignment Agreement. |
| 174:20-176:1 | PTX 71; Cherdak states he and McKirdy collaborated in drafting the Copyrights Assignment Agreement. |
| 185:6-8 | CSAFE has been in public domain since 1997. |

DATED:  August 18, 2016       Respectfully submitted,

           /s/     *John Ferman*
Quentin R. ("Rick") Corrie, VSB #14140
John D.V. Ferman, VSB# 70980
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100 East
P.O. Box 747
Falls Church, VA 22040-0747
(703) 205-8000
(703) 205-8050 (facsimile)
qrc@bskb.com
jferman@bskb.com
mailroom@bskb.com
*ATTORNEYS FOR PLAINTIFF*
*FITISTICS, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August 2016, a true and correct copy of the above

DEFENDANT'S DEPOSITION DESIGNATIONS AND SUMMARIES via the CM/ECF system, which

will send notice (NEF) to counsel for Defendant listed below and constitutes service under the rules, and a

copy of the documents filed under seal will be e-mailed to counsel for Defendant at the e-mail address

listed below.

Michael C. Whitticar, Esq.
NOVA IP Law, PLLC
7001 Heritage Village Plaza, Suite 205
Gainesville, VA 20155
mikew@novaiplaw.com


            /s/        *John Ferman*
Quentin R. ("Rick") Corrie, VSB #14140
John D.V. Ferman, VSB# 70980
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100 East
P.O. Box 747
Falls Church, VA 22040-0747
(703) 205-8000
(703) 205-8050 (facsimile)
qrc@bskb.com
jferman@bskb.com
mailroom@bskb.com

*ATTORNEYS FOR PLAINTIFF*
*FITISTICS, LLC*