**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

| | |
|---|---|
| **FITISTICS, LLC,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. **1:16-cv-00112-GBL-JPA** |
| **ERIK B. CHERDAK, ESQ.,** | ) |
| Defendant. | ) |

## ANSWER AND DEFENSES TO NEW MATERIAL AND AMENDED DEFENSES

Erik B. Cherdak ("Mr. Cherdak") respectfully submits his answer and defenses to new material and his amended defenses in response to the amended complaint filed by Plaintiff and Counterclaim Defendant Fitistics, Inc. and pursuant to the Court's order dated September 14th, 2016.

8. Denied.

22. Admitted only that an agreement with Garmin was signed after the effective date of the Patent Rights Assignment Agreement ("PAA") and was not immediately disclosed. Otherwise denied. Answering further, Cherdak had the right to license the patents to prior to execution of the PAA and had no duty to report those fees to Plaintiff or to pay them to over to the Plaintiff. Garmin was never accused of infringing the patents assigned by Fitistics.

23. Admitted only that an agreement with Garmin was signed after the effective date of the PAA and was not immediately disclosed. Otherwise denied. Answering further, Cherdak had the right to license the patents to prior to execution of the PAA and had no duty to report

those fees to Plaintiff or to pay them over to the Plaintiff. Garmin was never accused of infringing the patents assigned by Fitistics.

24. Admitted only that an agreement with Garmin was signed after the effective date of the PAA and was not immediately disclosed, and that the proceeds were not shared with Plaintiff. Otherwise denied. Answering further, Cherdak had the right to license the patents to prior to execution of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff. Additionally, Garmin was not accused of infringing any Fitistics patents.

28. Denied.

29. Admitted only that Defendant did not immediately report and pay over the funds received. Otherwise denied. Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff.

33. Admitted only that Defendant settled his claim against Starwoods for less than expected and that the proceeds were not shared with Plaintiff nor immediately disclosed to Plaintiff. Otherwise denied. Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff.

34. Admitted only that Defendant settled his claim against Starwoods for less than expected and that the proceeds were not shared with Plaintiff nor immediately disclosed to Plaintiff. Otherwise denied. Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff.

38. Admitted only that Defendant licensed Brunswick and that the proceeds were not shared with Plaintiff nor immediately disclosed to Plaintiff. Otherwise denied. Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff.

41. Admitted. Answering further, Life Fitness is a trade name or division is not a legal entity. Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff.

42. Admitted. Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff.

49. Admitted only that the promise or prediction did not come true. Otherwise denied. Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff.

56. Admitted only that the promise or prediction did not come true. Otherwise denied. Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff.

62. Admitted only that the promise or prediction did not come true. Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff.

66. Admitted only that Defendant licensed or settled with the referenced entities and that the proceeds were not shared with Plaintiff nor immediately disclosed to Plaintiff. Otherwise denied. Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff.

68. Denied.

71. Denied.

72. Admitted only that Defendant licensed or settled with the referenced entities and that the proceeds were not shared with Plaintiff nor immediately disclosed to Plaintiff. Otherwise denied. Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff. Additionally, several of the referenced entities had never been accused of infringing the patents assigned by Fitistics.

75. Denied.

77. Admitted only that Defendant licensed or settled with the referenced entities and that the proceeds were not shared with Plaintiff nor immediately disclosed to Plaintiff. Otherwise denied. Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff. Additionally, several of the referenced entities had never been accused of infringing the patents assigned by Fitistics.

96. Denied. Answering further, Garmin was never accused of infringing the patents assigned by Fitistics.

97. Denied. Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff. Additionally, several of the referenced entities had never been accused of infringing the patents assigned by Fitistics.

98. Denied. Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or pay them over to the

Plaintiff.  Additionally, several of the referenced entities had never been accused of infringing the patents assigned by Fitistics.

99. Denied.  Answering further, Cherdak had the right to license the patents independent of the PAA and had no duty to report those fees to Plaintiff or to pay them over to the Plaintiff.  Additionally, several of the referenced entities had never been accused of infringing the patents assigned by Fitistics.

### NEW DEFENSES AND AFFIRMATIVE DEFENSES

(A) **Novation, Waiver and Acquiescence.**  Fitistics agreed that Mr. Cherdak did not need to pay the contractually specified amount nor report on settlements and licenses involving third parties that were not accused of infringing the patents assigned by Fitistics.

(B) **Prior Material Breach**.

Plaintiffs' claims are barred by its prior material breaches of the Patent Rights Assignment Agreement.  More specifically, Fitistics expressly promised and agreed in the Patent Rights Assignment Agreement that it was conveying to and granting Mr. Cherdak the right to sue third parties for infringing the assigned patents.   However, Fitistics was not the sole owner of the assigned patents and therefore could not transfer or convey to Mr. Cherdak the right to sue for infringement.

Fitistics had previously assigned a 25% interest in certain assigned patents to a law firm named Ward & Ward as irrevocable and vested consideration and earned and non-refundable compensation for past work performed by Cherdak.  Cherdak was a direct or intended third party creditor beneficiary under the Ward & Ward retainer and assignment agreement (and related agreements and communications) as evidenced by communications from Ward & Ward to

5

Cherdak and from Fitistics and McKirdy to Cherdak. Fitistics never obtained an assignment back of those fractional ownership interests from Cherdak or from Ward & Ward.

Because Fitistics failed to convey to Cherdak full ownership and the right to sue for infringement, as expressly and repeatedly promised in the Patent Rights Assignment Agreement, he was immediately and fully discharged of any duties under that Agreement due to Fitistics' immediate and prior material breach, and he owes no monies nor any other obligations thereunder as a matter of law. Because Cherdak is a direct and intended third party beneficiary of the Ward & Ward PLLC retainer and assignment agreement and an assignee and owner of one half of the assigned rights, Cherdak remained a fractional owner of the assigned patent rights free and able to license and otherwise transact the same (except for litigation which requires full and undivided ownership) without accounting to Fitistics or any other person or entity as a matter of law. *See* 35 U.S.C. § 262. However, even if – contrary to fact – Mr. Cherdak himself did not obtain a fractional ownership interest – the fractional ownership interest obtained and retained by Ward & Ward meant that Fitistics could not convey or transfer to Mr. Cherdak the right to sue for patent infringement, as repeatedly required by the express terms of the Agreement, and Mr. Cherdak's obligations and liability still were discharged by Fitistics' prior material breaches.

(C) **Fractional Ownership Interest and Independent Right to License**.

Fitistics had previously assigned a 25% interest in certain assigned patents to a law firm named Ward & Ward as irrevocable and vested consideration for past work performed. Cherdak was a direct or intended third party creditor beneficiary under the Ward & Ward retainer and assignment agreement (and related agreements and communications) as evidenced by communications from Ward & Ward to Cherdak and from Fitistics and McKirdy to Cherdak. Fitistics never obtained an assignment back of those fractional ownership interests from Cherdak or from Ward & Ward.

Because Cherdak is a direct and intended third party beneficiary of the Ward & Ward PLLC retainer and assignment agreement and an assignee and owner of one half of the assigned rights, Cherdak remained a fractional owner of the assigned patent rights free and able to license and otherwise transact the same (except for litigation which requires full and undivided ownership) without accounting to Fitistics or any other person or entity as a matter of law.  *See* 35 U.S.C. § 262.   Cherdak therefore did not commit fraud or conversion of patent rights which he had the right to license before, after, and independent of the Patent Rights Assignment Agreement.

Respectfully Submitted This 23rd Day of September, 2016:

Erik B. Cherdak, Esq.

By: */s/Michael C. Whitticar*

Michael C. Whitticar, Esq.  (VSB No. 32968)
NOVA IP Law, PLLC
7001 Heritage Village Plaza, Suite 205
Gainesville, VA 20155
Tel:   (571) 386-2980
Fax:  (855) 295-0740
mikew@novaiplaw.com
*Counsel for Defendant Erik B. Cherdak*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23rd, 2016, I filed the foregoing *Answer and Defenses* and this *Certificate* with the Clerk of the Court using the United States District Court CM/ECF System and that a copy of said documents will be provided to the following counsel of record via the CM/ECF System:

John D.V. Ferman
Birch Stewart Kolasch & Birch, LLP
8110 Gatehouse Road, Suite 100 East
Falls Church, VA 22042
Tel: (703) 205-8009
Fax: (703) 205-8050
Email: John.D.V.Ferman@bskb.com
*Counsel for Plaintiff Fitistics, LLC*

                                              */s/Michael C. Whitticar/*
                                              Michael C. Whitticar